IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2006

# BROOKE RATHNOW b/n/f/ RICH and DIANE RATHNOW v. KNOX COUNTY, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-730-04    Dale C. Workman, Judge**

---

**No. E2005-02515-COA-R3-CV - FILED MAY 30, 2006**

---

Charles D. Susano, Jr., J., concurring.

I agree completely with Judge Lee's well-thought-out opinion. I write separately to emphasize what I believe is the linchpin of the reasoning in this case.

When Ms. Rathnow left the classroom unattended, she did not verbalize that she felt sick or queasy and she did not exhibit any signs of instability. In my judgment, a reasonable person in Coach Allen's position would have had no reason to foresee that Ms. Rathnow would have an emotional reaction to the video and fall. While it can be argued that a fall was *possible*, a *possible* occurrence, without more, is not enough to warrant a finding of foreseeability. If the test of liability was whether something untoward *might* happen – a *possibility* – then, under such a test, Coach Allen, and thus Knox County, would be responsible and liable for Ms. Rathnow's injuries. But the very broad concept of "what might possibly happen" and the concomitant "insurer" role placed upon the teacher and the school system by such a rule are not the law in Tennessee. The test of foreseeability is based upon *probability*, not possibility. This concept has been stated by the Supreme Court on a number of occasions. In ***Doe v. Linder Const. Co., Inc.***, 845 S.W.2d 173 (Tenn. 1992), the High Court said the following:

> If the defendants failed to exercise reasonable care under the circumstances then they breached their duty to the plaintiffs. The term reasonable care must be given meaning in relation to the circumstances. Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury. The risk involved is that which is foreseeable; a risk is foreseeable if a reasonable person could foresee the probability of its occurrence or

if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable. Foreseeability is the test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury. Foreseeability must be determined as of the time of the acts or omissions claimed to be negligent.

*Id*. at 178 (citations and internal quotation marks omitted).

The instant case would be different if Ms. Rathnow had indicated, in response to Coach Allen's question, that she was not all right or indicated that she was not feeling okay or was feeling dizzy or light-headed or if she appeared shaky on her feet, or the facts presented some combination of these things and/or other signs of instability. If these were the facts, then one would have to conclude that letting Ms. Rathnow leave the classroom without help would be doing so in the face of the *probability* that she would fall and suffer an injury of some kind. However, these are not the facts before us.

The question before us is simply this: Should a reasonable person in Coach Allen's situation have foreseen, given the facts before her, that it was more likely than not – in other words, *probable* – that Ms. Rathnow, without an escort, was going to fall and injure herself? In terms of probabilities, I do not believe that the occurrence of a fall and subsequent injury was any more probable than that nothing of an unfortunate nature would occur as a result of Ms. Rathnow's leaving the classroom by herself. In other words, in my judgment, the occurrence of a fall and injury was not more likely than that there would be no fall. Possible? Maybe so. Probable? Absolutely not. Foreseeability – an essential element of an action based upon a theory of negligence – is grounded upon a finding that an injury is probable. I agree with Judge Lee that Ms. Rathnow's fall and injury, collectively, was not a *probable* consequence of her leaving the classroom without the aid of someone else.

Accordingly, I concur.

_____
CHARLES D. SUSANO, JR., JUDGE